**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

John L. Collins
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
TREY DAYES
Arizona Bar No. 020805
treyd@phillipslaw.com
DAWN SAUER
Arizona Bar No. 030271
dawns@phillipsdayeslaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore Scott Stevens;<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>iPic-Gold Class Entertainment, LLC, d/b/a iPic Theaters, d/b/a Tanzy Restaurant, d/b/a Tanzy Express, a Delaware limited liability company;<br><br>　　　　　Defendant. | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

　　　Plaintiff Theodore Scott Stevens, by and through John L. Collins, Trey Dayes, and Dawn M. Sauer, of and for the PHILLIPS DAYES LAW GROUP PC, for his Complaint against Defendant IPic-Gold Class Entertainment, LLC, avers as follows:

## NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages and failure to pay minimum wage in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

4. For at least one year prior to the filing of this action, Defendant had a consistent policy and practice of paying its employees less than the minimum wage.

5. For at least one year prior to the filing of this action, Defendant had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

6. For at least one year prior to the filing of this action, Plaintiff worked at least twenty hours in excess of forty (40) hours per week and was not paid time and one-half.

7. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Maricopa County, Arizona.

## PARTIES

10. At all times material hereto, Plaintiff Theodore Scott Stevens was and continues to be a resident of Maricopa County, Arizona.

11. On information and belief, at all times material hereto, Defendant iPic-Gold Class Entertainment, LLC, was and continues to be an entity organized under the law of the State of Delaware, doing business in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

12. On information and belief, at all times material hereto, Defendant has done business as and under business names including, without limitation: iPic Theaters; Tanzy Restaurant; Tanzy Express; and Salt.

13. On information and belief, Defendant and its managers and supervisors made all managerial and operational decisions on behalf of the business.

14. At all relevant times, Plaintiff was an "employee" of Defendant, as defined by 29 U.S.C. § 203(e)(1).

15. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendant.

16. At all relevant times, Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

17. Defendant should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

18. All Defendants are co-equally liable for all matters.

19. At all times material to this action, Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

20. On information and belief, at all relevant times, the annual gross revenue of Defendant exceeded, and continue to exceed, $500,000.00.

## FACTUAL BACKGROUND

21. Plaintiff was hired by Defendant to work as a server at the Tanzy Restaurant in Scottsdale, Arizona, in or about September 2012.

22. Defendant agreed to pay Plaintiff wages in the amount of $4.80 per hour plus tips.

23. Plaintiff's responsibilities included taking orders from guests and serving meals to guests.

24. Plaintiff was a non-exempt employee.

25. Plaintiff was not a manager.

26. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

27. From September 2012 until May 2013, Defendant failed to properly compensate Plaintiff for many of his regular hours worked. During this time, Plaintiff's managers instructed him that he could clock only twenty-eight (28) hours each week, but

they encouraged him to work off the clock so that he could earn his tips. With the encouragement of Defendant and its supervisors and managers, Plaintiff often worked sixty to seventy hours each week. But Defendant paid Plaintiff only for twenty-eight hours per week.

28. From September 2012 until May 2013, Defendant failed to properly compensate Plaintiff for his overtime hours. During this time, Plaintiff worked, at Defendant's request, from sixty to seventy hours per week.

29. On information and belief, the records concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

30. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was/were willful.

31. Defendant refused and/or failed to properly disclose to or to apprise Plaintiff of his rights under the FLSA.

32. Plaintiff has retained the PHILLIPS DAYES LAW GROUP PC to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

## COUNT ONE

## MINIMUM WAGE VIOLATION—29 U.S.C. § 206

33. Plaintiff incorporates and adopts paragraphs 1 through 32 above as if fully set forth herein.

34. Pursuant to 29 U.S.C. § 206, Defendant was required to pay Plaintiff at least the amount of the federal minimum wage, when those wages were due, for each hour Plaintiff worked.

35. Defendant willfully failed and refused to pay Plaintiff at least the amount of the federal minimum wage when those wages were due.

36. Plaintiff is entitled to collect the difference between the wages he received and the wages due, over the past year, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

37. Plaintiff has been required to bring this action to recover his federal minimum wages remaining due and unpaid, and his statutory liquidated damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant:

    a. Awarding Plaintiff compensation in the amount due for unpaid minimum wages in an amount proved at trial;

    b. Awarding Plaintiff liquidated damages in an amount equal to the award;

    c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

    f. For such other and further relief as the Court deems just and proper.

## COUNT TWO

## **OVERTIME VIOLATION—29 U.S.C. § 207**

38. Plaintiff incorporates and adopts paragraphs 1 through 37 above as if fully set forth herein.

39. While employed by Defendant, Plaintiff regularly worked multiple hours of overtime per week.

40. Plaintiff was a non-exempt employee.

41. Defendant has intentionally failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

42. On information and belief, Defendant further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

43. As the direct and proximate result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

44. Pursuant to 29 U.S.C. § 216, Defendant is liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

45. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

46. On information and belief, Defendant's conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

47. Defendant has not made a good faith effort to comply with the FLSA.

Plaintiff has been required to bring this action to recover his federal overtime wages remaining due and unpaid, and his statutory liquidated damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

   a. Awarding Plaintiff overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rates of pay while at work for Defendant, in an amount proved at trial;
   b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;
   c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);
   d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;
   e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and
   f. For such other and further relief as the Court deems just and proper.

## COUNT THREE

## DECLARATORY JUDGMENT

48. Plaintiff incorporates and adopts paragraphs 1 through 47 above as if fully set forth herein.

49. Plaintiff and Defendant have pending a dispute involving overtime and wages.

50. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

51. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a. Defendant employed Plaintiff.

    b. Defendant is engaged in an enterprise covered by the overtime and wage provisions of the FLSA.

    c. Plaintiff individually is covered by the overtime and wage provisions of the FLSA.

    d. Defendant failed and refused to properly compensate Plaintiff pursuant to the overtime and minimum wage provisions of the FLSA.

    e. Defendant's failures to comply with the overtime and minimum wage provisions of the FLSA were willful.

    f. Defendant has not made a good faith effort to comply with the FLSA.

    g. Plaintiff has been damaged and is entitled to recover as his damages from Defendant his proper minimum wages and overtime wages, and Plaintiff is entitled to equal amounts of such damages from Plaintiff as liquidated damages.

52. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and

settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

53. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

    b. Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation; and

    c. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: September 19, 2013

                                    Respectfully submitted,

                                    **PHILLIPS DAYES LAW GROUP PC**

                                    By: /s/ John L. Collins
                                         John L. Collins
                                         Arizona Bar No. 030351
                                         johnc@phillipsdayeslaw.com
                                         Attorney for Plaintiffs